IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| SARAH USRY and DANIEL DARNELL, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>EQUITYEXPERTS.ORG, LLC, d/b/a Equity Experts,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)   CV 116-010<br>)<br>)<br>)<br>)<br>) |

_____

**O R D E R**
_____

For the reasons set forth below, Plaintiffs' motion to compel is **MOOT**, and the Court **GRANTS IN PART** the motion for attorneys' fees.

**I.    Background**

On April 12, 2017, Plaintiffs filed a motion to compel, and the Court held a teleconference on April 21, 2017, during which the Court and parties resolved several of the discovery disputes, and the parties agreed to continue working on resolution of the remaining issues. (See doc. nos. 44, 47.) Notably, however, the Court described as unfounded Defendant's repeated objection to requests for production as failing to attach a transcript of a deposition attended by defense counsel. See Court's recording system, *For the Record*, (hereinafter FTR), Apr. 21, 2017, 10:29.16-:31.30. The Court reserved ruling on the motion to compel.

During a second teleconference on May 5, 2017, the parties memorialized for the record their agreement to resolve all discovery issues raised by the motion to compel. May 5, 2017, FTR 11:02.08-:04.20; (see also doc. no. 62-5) (email memorializing agreement between defense counsel and departing Plaintiffs' counsel). In the interim between teleconferences, counsel who originally filed the motion to compel and worked out the agreement to resolve the discovery disputes left the firm representing Plaintiffs. (See doc. nos. 48, 49.) Lead counsel, David E. Hudson, appeared for the May 5th teleconference, and when the Court inquired whether Plaintiffs intended to pursue fees for filing the motion to compel, Mr. Hudson responded affirmatively, citing the issue of deposition transcripts previously identified by the Court as a reason to pursue fees. May 5, 2017, FTR 11:11.55-:12.30.

Plaintiffs then filed a motion seeking $3,200 in attorneys' fees, and when the incorrect billing records were attached to the original motion, sought permission to amend the motion to attach the correct records, which the Court granted. (Doc. nos. 53, 63, 67.) Defendant responded to the original and amended motions for fees. (Doc. nos. 62, 70.)

## II. Standard for Awarding Fees under Federal Rule of Civil Procedure 37

If a disclosure or discovery is provided after the filing of a motion to compel, the Court "must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). Such an award of expenses is mandatory unless: "(i) the

movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Id.; Slep-Tone Entm't Corp. v. Johnson, 518 F. App'x 815, 821-22 (11th Cir. 2013).

The Court finds that an award of fees under Rule 37(a) is appropriate. Although the parties reached a mutually agreeable resolution in which both sides made concessions by modifying requests and/or updating responses as to most issues, Defendant only agreed to alter its position *after* the motion to compel was filed. Moreover, as the Court explained during the April 21st teleconference, the objections based on a failure to attach transcripts of a deposition which defense counsel attended were particularly not well founded. Nevertheless, the record is clear the resolution of the motion to compel without a point by point ruling by the Court was the result of the spirit of cooperation between Plaintiffs' prior counsel and defense counsel. Thus, the Court turns to the reasonableness of Plaintiffs' fee request.

### III.     Calculating a Reasonable Award Under the Lodestar Method

"The starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Bivins v. Wrap It Up, Inc., 548 F.3d 1348, 1350 (11th Cir. 2008) (citation omitted). "In determining what is a reasonable hourly rate and what number of compensable hours is reasonable, the court is to consider the twelve factors enumerated in Johnson v. Georgia Highway Express,

Inc., 488 F.2d 714 (5th Cir.1974)."[1]  Id. (internal quotations omitted).  The product of these two figures is the lodestar.  Id.  After calculating the lodestar, the Court may then consider whether it should be adjusted upwards or downwards.  Norman v. Housing Auth., 836 F.2d 1292, 1302 (11th Cir. 1988); Lambert v. Fulton Cty., 151 F. Supp.2d 1364, 1369 (N.D. Ga. 2000).  "The fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates."  Norman, 836 F.2d at 1303.

### A. Reasonable Hourly Rate

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation."  Id. at 1299.  Defendant does not contest the hourly rate.  However, Plaintiffs have listed, without explanation, differing hourly rates for the same attorneys.  For example, Mr. Hudson has variously billed at $260 per hour and $300 per hour.  (Doc. no. 63-1, p. 1.)  Former counsel Mr. Robertson has billing rates variously listed as $138, $172, and $200 per hour.  (Id.)  In the absence of any explanation for the discrepancy, and upon consideration of the relevant legal market, the underlying discovery disputes, and counsel's experience and expertise, the Court sets the hourly billing rate as $260 for Mr. Hudson, $200 for Ms.

---

[1] The twelve factors are:
> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.
> Bivins, 548 F.3d at 1350 n.2.

Sanders, and $200 for Mr. Robertson.  This Court has previously approved rates well within these ranges as reasonable in Augusta and comparable legal markets.  See, e.g., M.I.T., Inc. v. Medcare Express, N. Charleston, LLC, No. 1:14-cv-081, 2014 WL 5149150, at *4 (S.D. Ga. Oct. 14, 2014);  Ojeda–Sanchez v. Bland Farms, No. 6:08-cv-96, 2013 WL 5652032, at *2 (S.D. Ga. Oct. 16, 2013).

### B.     Hours Reasonably Expended

When exercising proper "billing judgment," attorneys must exclude excessive, redundant, or otherwise unnecessary hours from fee applications. ACLU of Ga. v. Barnes, 168 F.3d 423, 428 (11th Cir. 1999).  "[H]ours excluded are those that would be unreasonable to bill a client" without reference to the skill, reputation, or experience of counsel.  Norman, 836 F.2d at 1301. "[A] lawyer may not be compensated for hours spent on activities for which he would not bill a client of means who was seriously intent on vindicating similar rights, recognizing that in the private sector the economically rational person engages in some cost benefit analysis." Id.

After reviewing the billing records submitted by Plaintiffs, the Court finds adjustment of the total hours billed to be necessary.  For the reasons stated in Defendant's opposition briefing, (doc. no. 70), including entries that appear to be duplicative or otherwise excessive, the Court finds that the billable hours must be reduced.  Accordingly, the Court finds the lodestar to be $1,700, consisting of 3.5 hours at $260 per hour for Mr. Hudson; 3.6 hours at $200 per hour for Mr. Robertson, and 1.0 hour at $200 for Ms. Pickett.  The lodestar need not be further adjusted.

5

## IV. Conclusion

The motion to compel is **MOOT**.  (Doc. no. 44.)  The Court **GRANTS IN PART** the motion for attorneys' fees, (doc. no. 53), and awards Plaintiffs the sum of $1,700 in reasonable attorneys' fees.  Defendant shall pay the award within fourteen days of the date of this Order.

SO ORDERED this 26th day of July, 2017, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA