FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2019 MAR 12 PM 4:00
CLERK J. Hodge
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

SARAH USRY and DANIEL DARNELL,    *
on behalf of themselves and    *
all others similarly situated,    *
                                 *
       Plaintiffs,                 *
                                 *
        v.                           *    CV 116-010
                                 *
EQUITYEXPERTS.ORG, LLC d/b/a    *
EQUITY EXPERTS; MICHAEL NOVAK,    *
JACQUELINE GALOFARO; and MARK    *
BREDOW,                       *
                                 *
       Defendants.                 *
                                 *

## O R D E R

Before the Court are the following motions: (1) Plaintiffs' unopposed motion to amend the complaint (Doc. 82) pursuant to Federal Rule of Civil Procedure 15, and (2) Plaintiffs' motion for class certification (Doc. 79) pursuant to Federal Rule of Civil Procedure 23. For the following reasons, Plaintiffs' motion to amend the complaint is **GRANTED**, and Plaintiffs' motion for class certification is **DENIED WITHOUT PREJUDICE**.

## I. BACKGROUND

Plaintiff Sarah Usry ("Plaintiff Usry") filed the present class action against Defendant EquityExperts.org, LLC d/b/a Equity Experts ("Defendant Equity Experts") on November 20, 2015,

alleging violations of federal and state consumer protection statutes. (Compl., Docs. 1-1, 1-4.) Plaintiff Usry originally filed the action in the Superior Court of Columbia County, Georgia. (Id.) Defendant Equity Experts removed the case to this Court. (Notice of Removal, Doc. 1.)

**A. Amendments to Complaint**

Pursuant to the scheduling order entered March 3, 2016, the Parties had until April 4, 2016, to file motions to amend pleadings or add parties. (Discovery Schedule, Doc. 17.) Despite several revised scheduling orders, the deadline to amend pleadings and add parties has not been extended. (See Revised Scheduling Orders, Docs. 21, 28, 40, 43, 52.) Even though the deadline to file an amended pleading expired, Plaintiff Usry moved for leave to file the first amended complaint on August 15, 2016. (Pl.'s Mot. for Leave to File Am. Compl., Doc. 30.) Primarily, the motion sought to add Daniel Darnell ("Plaintiff Darnell," and collectively with Plaintiff Usry, "Plaintiffs") as a party plaintiff and putative class representative. (Id. at 4-5.) United States Magistrate Judge Brian K. Epps granted Plaintiff Usry's unopposed first motion to amend on September 7, 2016 (Order, Doc. 34), and Plaintiffs filed their first amended complaint as a stand-alone docket entry the next day. (First Am. Compl., Doc. 35.)

On April 5, 2018, Plaintiffs filed the present motion to amend. (Mot. to Amend Compl. to Add Defs., Doc. 82.) This time,

2

Plaintiffs propose the addition of three defendants, Michael Novak, Jacqueline Galofaro, and Mark Bredow ("Individual Defendants"). (Proposed Second Am. Compl., Doc. 82-3, ¶¶ 7-8, 34.) The motion is unopposed.[1]

**B. Amendments to Motion for Class Certification**

Plaintiffs filed their first motion for class certification on June 14, 2017. (Doc. 61.) On January 11, 2018, the Court ordered Plaintiffs to refile their motion to certify class without additional substantive changes. (Order, Doc. 76.) In compliance with the Court's Order, Plaintiffs filed their second motion to certify class the following day. (Doc. 77.)

In their second motion to certify class, Plaintiffs asked the Court to certify the following general class:

> All natural persons in Georgia to whom Equity Experts sent collection letters asserting claims for delinquent assessments, interest, and fees in violation of the FDCPA and the Georgia usury statute while residing in the State of Georgia (hereinafter the "General Class Members").

(Id. at 17.) Plaintiffs also proposed class definitions for three putative subclasses:

> a. All natural persons in Georgia to whom Equity Experts sent collection communications seeking to collect illegal interest or other sums not owed (hereinafter the "Illegal Interest Class Members"); and,
>
> b. All natural persons in Georgia against whom Equity Experts has field a lien and/or lawsuit asserting claims

---

[1] Defendant requested (Doc. 85) and received (Order, Doc. 86) an extension of time to respond to the present motion to amend. However, no such response was filed.

3

for delinquent assessments, interest, and fees while residing in the State of Georgia and against whom the lawsuit or lien remains pending and unpaid (hereinafter the "Injunction Class Members"); and,

c. All natural persons in Georgia from whom Equity Experts received any payment arising from collection efforts of assessments by Equity Experts which included usurious interest charged in violation of the Georgia usury statutes and illegal fees charged in violation of the FDCPA while residing in the State of Georgia (hereinafter the "Unjust Enrichment Class Members").

(Id. at 1-2.) Before the Court reached Rule 23's explicit requirements, it denied Plaintiffs' motion on the implied requirement of ascertainability. (February 16, 2018 Order, Doc. 78.) Specifically, the Court determined that Plaintiffs' general class and two of the subclasses were "fail-safe" classes. (Id. at 6-8.) The Court denied the motion to certify class without prejudice and permitted Plaintiffs the opportunity to correct the class definitions.

Plaintiffs filed their third motion to certify class on March 16, 2018. (Doc. 79.) The pending motion defines the general class as:

All natural persons in Georgia to whom, while residing in Georgia, Equity Experts sent collection letters asserting claims for delinquent assessments, where the interest and/or fees exceeded sixteen percent (16%) per annum of the delinquent assessment. (hereinafter the "General Class Members").

(Third Mot. for Class Certification, at 19.) Plaintiffs also revised the putative subclasses and expanded the number of subclasses from three to four:

4

a. All natural persons to whom, while residing in Georgia, Equity Experts sent collection communications seeking to collect interest and/or fees in excess of sixteen percent (16%) per annum of the delinquent assessment. (hereinafter the "Illegal Interest Class Members"); and,

b. All natural persons against whom, while residing in Georgia, Equity Experts has filed, or threatened to file, a lien and/or lawsuit asserting claims for interest and/or fees in an amount in excess of sixteen percent (16%) per annum of the delinquent assessment. (hereinafter the "Injunction Class Members"); and,

c. All natural persons from whom, while residing in Georgia, Equity Experts received any payment of interest and/or fees in excess of sixteen percent (16%) per annum of the delinquent assessment. (hereinafter the "Unjust Enrichment Class Members"); [and]

d. All natural persons from whom, while residing in Georgia, Equity Experts sought payments in excess of sums stated in the governing HOA agreement plus reasonable costs of collection. (hereinafter the "Excess Sums Class Members").[2]

(Id. at 19-20.) Defendant Equity Experts objects to Plaintiffs' motion claiming Plaintiff has not satisfied several requirements of class certification, namely, ascertainability, numerosity, commonality, and predominance.

## II. MOTION TO AMEND COMPLAINT

When amending as a matter of course is not available, "a party may amend its pleading only with the opposing party's written

---

[2] Both Plaintiff Usry and Plaintiff Darnell are designated as class representatives of the General Class, the Illegal Interest Class, and the Excess Sums Class. (Id. at 20 n.8.) Plaintiff Usry is designated as class representative of the Injunction Class, and Plaintiff Darnell is designated as class representative of the Unjust Enrichment Class. (Id.)

5

consent or the court's leave. The court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). District courts are given "extensive discretion" in determining whether to allow an amended complaint. Campbell v. Emory Clinic, 166 F.3d 1157, 1162 (11th Cir. 1999). In exercising its discretion, a court considers five factors: (1) "undue delay," (2) "bad faith or dilatory motive on the part of the movant," (3) "repeated failure to cure deficiencies by amendments previously allowed," (4) "undue prejudice to the opposing party by virtue of allowance of the amendment," and (5) "futility of amendment." Seiger ex rel. Seiger v. Philipp, 735 F. App'x 635, 637 (11th Cir. 2018) (quoting Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1241 (11th Cir. 2009)). However, "[u]nless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." Burger King Corp. v. Weaver, 169 F.3d 1310, 1319 (11th Cir. 1999).[3]

Moreover, because Plaintiffs' proposed amended complaint adds defendants, joinder rules are implicated.

---

[3] Although not raised by either party, Federal Rule of Civil Procedure 16 applies to motions to amend pleadings filed after expiration of the scheduling order. "A schedule may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). When the "motion to amend [is] filed after the scheduling order's deadline, [the moving party] must first demonstrate good cause under Rule 16(b) before [the court] will consider whether the amendment is proper under Rule 15(a)." Sosa v. Airprint Sys., Inc., 133 F.3d 1417, 1419 (11th Cir. 1998) (per curiam). Because Plaintiff contends the relevant facts were discovered after the expiration of the initial scheduling order, see Virciglio v. Work Train Staffing LLC, 674 F. App'x 879, 885 (11th Cir. 2016), and Defendant does not oppose the motion, the Court finds good cause exits.

6

> Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

FED. R. CIV. P. 20(a)(2). Joinder under Rule 20 "is strongly encouraged" and is "construed generously 'toward entertaining the broadest possible scope of action consistent with fairness to the parties.'" Vanover v. NCO Fin. Servs., Inc., 857 F.3d 833, 839 (11th Cir. 2017) (quoting United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 724 (1966)). Still, district courts are granted broad discretion to permit or deny joinder. Swan v. Ray, 293 F.3d 1252, 1253 (11th Cir. 2002).

Here, although the time to amend under the scheduling order has lapsed, the Court finds no sufficient reason to deny the motion to amend. Plaintiffs aver they learned the information prompting the amendment during discovery, and the record does not evidence a wrongful purpose behind moving to amend the complaint. Finding no substantial reason to prohibit amendment, leave to amend is proper.

Additionally, Rule 20(a)(2) is satisfied. The proposed second amended complaint is substantially the same apart from the newly named Individual Defendants.[4] Plaintiffs allege that the

---
[4] The Court recognizes that the proposed second amended complaint contains amended class and subclass definitions. (Compare Proposed Second Am. Compl.,

7

Individual Defendants "developed and implemented" the practice that is the subject of this lawsuit. (Proposed Second Am. Compl., ¶ 34.) Accordingly, the Court finds that Plaintiff meets both requirements of Rule 20: (1) The right to relief asserted against the Individual Defendants arises from the same series of transactions and occurrences as the claims asserted against Defendant Equity Experts; and (2) Questions concerning violations of federal and state consumer protection statutes are common. Joinder of the Individual Defendants is, therefore, appropriate.

### III. MOTION FOR CLASS CERTIFICATION

#### A. Class Certification Standard

"The district court has broad discretion in determining whether to certify a class." Washington v. Brown & Williamson Tobacco Corp., 959 F.2d 1566, 1569 (11th Cir. 1992). However, certification under Rule 23 requires that the proponent "satisfy an implicit ascertainability requirement, the four requirements listed in Rule 23(a), and the requirements listed in any of Rule 23(b)(1), (2), or (3)." Karhu v. Vital Pharm., Inc., 621 F. App'x 945, 946 (11th Cir. 2015) (citing Little v. T-Mobile USA, Inc., 691 F.3d 1302, 1304 (11th Cir. 2012)). Plaintiffs must satisfy the certification requirements not only for the general class, but

---

¶ 31, with First Am. Compl., ¶ 28.) The definitions are the subject of Plaintiffs' pending motion to certify class. (Doc. 79.)

8

also for the putative subclasses. FED. R. CIV. P. 23(c)(5) ("When appropriate, a class may be divided into subclasses that are each treated as a class under this rule."); Johnson v. Am. Credit Co. of Ga., 581 F.2d 526, 532 (5th Cir. 1978) (interpreting former Rule 23(c)(4)(B)) ("A subclass . . . must independently meet all of [R]ule 23's requirements for maintenance of a class action.")

"The party seeking class certification has the burden of proof." Brown v. Electrolux Home Prods., Inc., 817 F.3d 1225, 1233 (11th Cir. 2016) (emphasis omitted). Doubts related to satisfaction of the standard are resolved against certification. See id. ("All else being equal, the presumption is against class certification because class actions are an exception to our constitutional tradition of individual litigation.").

## B. Implicit Certification Requirement — Ascertainability

"[A] plaintiff seeking to represent a proposed class must establish that the proposed class is adequately defined and clearly ascertainable." Carriuolo v. Gen. Motors Co., 823 F.3d 977, 984 (11th Cir. 2016) (citation and internal quotation marks omitted). "An identifiable class exists if its members can be ascertained by reference to objective criteria." Bussey v. Macon Cty. Greyhound Park, Inc., 562 F. App'x 782, 787 (11th Cir. 2014).

The Eleventh Circuit recently acknowledged a split among Circuit Courts of Appeal as to whether class proponents must demonstrate an "administratively feasible" method for determining

9

class membership. Ocwen Loan Servicing, LLC v. Belcher, No. 18-90011, 2018 WL 3198552, at *3 (11th Cir. June 29, 2018) (per curiam). Ocwen further recognized that the Eleventh Circuit has not addressed the ascertainability circuit split in a published opinion. Id. However, "[i]n the past, this court has stated that a class is not ascertainable unless the class definition contains objective criteria that allow for class members to be identified in an administratively feasible way." Karhu, 621 F. App'x 945, 946 (11th Cir. 2015) (citing Bussey, 562 F. App'x at 787). Accordingly, the Court considers whether "identifying class members is a manageable process that does not require much, if any, individual inquiry." Bussey, 562 F. App'x at 787.

Certification is also denied for lack of ascertainability where the proposed class is "fail-safe." "The issue of fail-safe classes has not yet been addressed by the Eleventh Circuit," but "lower courts in the Eleventh Circuit have cautioned against certifying fail-safe classes." Etzel v. Hooters of Am., LLC, 223 F. Supp. 3d 1306, 1315 (N.D. Ga. 2016) (citation and internal quotation marks omitted). In fact, the Court denied Plaintiffs' previous motion for class certification because the putative classes were defined as "fail-safe" classes. (Order, Doc. 78.) "A fail-safe class is a class whose membership can only be ascertained by a determination of the merits of the case because the class is defined in terms of the ultimate question of

10

liability." In re Rodriguez, 695 F.3d 360, 369-70 (5th Cir. 2012). A fail-safe class is improper because it "shields the putative class members from receiving an adverse judgment. Either the class members win or, by virtue of losing, they are not in the class and, therefore, not bound by the judgment." Randleman v. Fidelity Nat'l Title Ins., 646 F.3d 347, 352 (6th Cir. 2011). "So, the class definition assumes what it ostensibly seeks to prove." Etzel, 223 F. Supp. 3d at 1316. Thus, "[a] proposed 'fail-safe' class should not be certified because it is unfair to defendants, it prevents an adverse judgment being entered against plaintiffs, and it is unmanageable because the members of the class could only be known after a determination of liability." Mazell v. Money Store, 288 F.R.D. 45, 55 (S.D.N.Y. 2012) (citations omitted). To determine whether the ascertainability requirement is satisfied here, the Court evaluates whether (1) the proposed classes are "fail-safe," and (2) whether the proposed class members are identifiable using objective criteria in an administratively feasible way.

1. Fail-Safe Class

Defendant Equity Experts argues that four of the proposed classes are fail-safe classes because the members can only be ascertained following a determination of liability.[5] The Court

---

[5] Defendant Equity Experts does not contend that Plaintiffs' Excess Sums Class is a fail-safe class. (Def. Equity Expert's Resp. in Opp'n to Mot. for Class Certification, Doc. 87, at 11.)

disagrees. The revised class definitions are easily distinguishable from the definitions rejected in the Court's February 16, 2018 Order. The proposed classes contained in Plaintiffs' second motion to certify class consisted of persons subjected to interest and fees "in violation of the FDCPA and the Georgia usury statute," "illegal interest or other sums," or "usurious interest charged in violation of the Georgia usury statutes and illegal fees charged in violation of the FDCPA."

Conversely, the presently contested class definitions encompass members against whom Defendants sought payment, in one way or another, for interest and/or fees in an amount in excess of sixteen percent per annum. The Court need not determine Defendants' liability before ascertaining the presently proposed classes. For example, if Defendant Equity Experts charged a person fees and costs in excess of sixteen percent, that person will fit into at least one of the various classes. Whether those charges or fees exceeding sixteen percent violated the FDCPA or Georgia usury laws is a different question. For these reasons, the classes are not fail-safe classes.

2. <u>Objective Criteria and Administrative Feasibility</u>

Defendant Equity Experts further contests certification on the grounds that the classes are not ascertainable by objective criteria in an administratively feasible way. Plaintiffs established that the universe of property owners potentially

12

meeting the proposed class definitions is already known and objectively determined. (Third Mot. for Class Certification, Ex. 9, Doc. 79-9); see Jones v. Advanced Bureau of Collections LLP, 317 F.R.D. 284, 290 (M.D. Ga. 2016) ("[T]he names and addresses of the members in the proposed class are easily ascertainable through an administratively feasible procedure that is useful for identification purposes."); Lapointe v. Bank of Am., N.A., No. 8:15-cv-1402-T-26EAJ, 2016 WL 8729824, at *5 (M.D. Fla. Apr. 26, 2016) ("The class members' identities and contact information should be readily ascertainable from Defendant's records inasmuch as class membership is based on Defendant having contacted the individual within the past few years."). Yet, notwithstanding that Plaintiff can objectively determine whether real property is owned within the State of Georgia and whether the putative class members were charged "interest and/or fees" in excess of sixteen percent, determining whether each putative member was "residing in Georgia" at the determinative time for class membership is not administratively feasible.

In essence, Defendant argues the distinction between ownership of real property in Georgia and residency in Georgia. Although seemingly minor on its face, the distinction is significant for the purposes of ascertainability. Plaintiffs' sole rebuttal to the residency argument is that "[a] class notice can be sent to each of the individuals identified in Defendant's

query to confirm he is a resident of Georgia." (Reply in Supp. of Third Mot. for Class Certification, Doc. 89, at 8.) Said another way, members can self-identify their residency for class membership.

Although not cited by either party, Karhu v. Vital Pharm., Inc., 621 F. App'x 945 (11th Cir. 2015), is instructive. In Karhu, the Eleventh Circuit concluded that determining membership through self-identification presents a bifurcated problem. Id. at 948. "On the one hand, allowing class members to self-identify without affording defendants the opportunity to challenge class membership provides inadequate procedural protection to defendants and implicates their due process rights." Id. (citation and internal quotation marks omitted). "On the other hand, protecting defendants' due-process rights by allowing them to challenge each claimant's class membership is administratively infeasible, because it requires a series of mini-trials just to evaluate the threshold issue of which persons are class members." Id. at 948-49 (internal citations omitted).

Here, the problem is the same. Allowing putative class members to self-identify will either (1) infringe upon Defendants' due process rights if they are not permitted to challenge residency, or (2) result in an indefinite number of mini-trials to determine each putative class members' residency. Moreover, Plaintiffs, in proposing self-identification, failed to "establish

how the self-identification method proposed [would] avoid the potential problems just described." Id. at 949. Therefore, the revised class definition fails for lack of ascertainability.[6]

## IV. CONCLUSION

Considering the foregoing, **IT IS HEREBY ORDERED** that Plaintiffs' motion to amend (Doc. 82) is **GRANTED**. Plaintiffs shall have **SEVEN (7) DAYS** from the date of this Order to file their **SECOND AMENDED COMPLAINT** as a stand-alone entry on the docket. The Clerk is **DIRECTED** to **ADD** Michael Novak, Jacqueline Galofaro, and Mark Bredow as Defendants in this action. Based upon the addition of the Individual Defendants, the Parties are **INSTRUCTED** to **SUBMIT** a proposed revised joint scheduling order within **FOURTEEN (14) DAYS** from the date of this Order.

**IT IS FURTHER ORDERED** that Plaintiffs' motion for class certification (Doc. 79) is **DENIED WITHOUT PREJUDICE**. The Court grants Plaintiffs leave to file another motion for class certification **WITHIN THIRTY (30) DAYS** from the date of this Order to seek to make the proposed general classes and subclasses ascertainable. The Court, however, will not grant Plaintiffs an unlimited number of opportunities to amend the class definitions.

---

[6] Because Plaintiffs' proposed class definitions fail for lack of ascertainability, the Court refrains from analyzing the remaining requirements for class certification.

15

**ORDER ENTERED** at Augusta, Georgia, this 12th day of March, 2019.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA