IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| SARAH USRY and DANIEL DARNELL on behalf of Themselves and all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>EQUITYEXPERTS.ORG, LLC, d/b/a Equity Experts, MICHAEL NOVAK, JACQUELINE GALOFARO, and MARK BREDOW.<br><br>    Defendant. | Civil Action No. 1:16-cv-00010-JRH-BKE |

## AMENDED COMPLAINT – CLASS ACTION

COME NOW Plaintiffs Sarah Usry and Daniel Darnell, on behalf of themselves and all others similarly situated, and file this Amended Complaint, pursuant to the March 12, 2019, Order of the Court (Doc. #90) showing the following:

### I. Introduction

1.  This is a consumer class action brought on behalf of individuals subjected to Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Georgia Usury and Unjust Enrichment laws, O.C.G.A. § 7-4-1, *et seq*.

2.  "The consumer credit industry is one of the largest financial sectors of the U. S. economy and heavily impacts the market place by affecting the general public's ability to obtain goods and services. Misrepresenting consumers' financial indebtedness . . . or falsely reporting consumers' credit histories has a potential adverse effect on the consumer marketplace and the economy in general. As such, collecting a debt incurred during a consumer transaction could

harm the general consuming public if conducted via deceptive acts or practices." *1st Nationwide Collection Agency, Inc. v. Werner*, 288 Ga. App. 457, 459 (2007).

3. Defendants in this case have violated the FDCPA and Georgia law by attempting to collect from the Plaintiffs and the Plaintiff Class Members sums that the Plaintiffs and the Plaintiff Class Members do not owe, to collect sums that are usurious, sending threatening collection letters that have misrepresented the amounts owed, filing lawsuits against the Plaintiff Class Members for sums not owed, and filing liens not supported by law or fact against properties owned by the Plaintiffs and the Plaintiff Class Members.

## II. Jurisdiction and Venue

4. Plaintiff Sarah Usry is an adult resident of the State of Georgia, and at the times pertinent to this lawsuit she was a resident of Columbia County, Georgia.

5. Plaintiff Daniel Darnell is an adult resident of the State of Georgia, and at the times pertinent to this lawsuit he was a resident of Columbia County, Georgia.

6. Defendant Equityexperts.org, LLC, d/b/a Equity Experts ("Equity Experts") is a Michigan limited liability company with a principal address of 2000 Town Center, Suite 1900, Southfield Michigan 48075. Defendant Equity Experts maintains an office in Georgia located at 1075 Peachtree Street, Suite 3650, Atlanta, Georgia, 30309. Defendant Equity Experts is a collection agency that, in the ordinary course of business, regularly engages in debt collection on behalf of others. Defendant Equity Experts targets consumers in the State of Georgia, among other states.

7. Upon information and belief, Defendant Michael Novak is a resident of Michigan. He is the owner of Equity Experts and formed and operates Equity Experts in order to commit violations of the FDCPA and Georgia laws against usury and unjust enrichment.

8. Upon information and belief, Defendants Jacqueline Galofaro and Mark Bredow are residents of Michigan and are operators of Equity Experts.

9. Defendant Equity Experts has no certificate of authority from the Georgia Secretary of State to transact business in the State of Georgia.

10. Defendants are subject to personal jurisdiction in this Court in that the Defendants (1) transact business within this district, (2) committed the unlawful acts or omissions that give rise to this action within this district, (3) regularly solicit business in this district, and (4) derive substantial revenue from activities conducted in this district.

11. This Court has subject matter jurisdiction over this matter under 28 U.S.C. § 1332 because the Plaintiff and Defendants are citizens of different states, and the amount in controversy exceeds $75,000.

12. Venue is proper in this district and division pursuant to 28 U.S.C. §§ 1391.

### III. General Allegations

13. Plaintiffs and the proposed Plaintiff Class Members were owners of homes in the State of Georgia when the Defendants attempted to collect from the Plaintiffs and the Plaintiff Class Members sums that the Plaintiffs and the Plaintiff Class Members do not owe, collected sums that are usurious, sent threatening collection letters that have misrepresented the amounts owed, filed lawsuits against the Plaintiff Class Members for sums not owed, and filed liens not supported by law or fact against properties owned by the Plaintiffs and the Plaintiff Class Members.

14. Equity Experts has established a practice of attempting to collect sums for homeowner association assessments (assessments) that the purported Class Members do not owe, collecting sums for assessments that are usurious, sending threatening collection letters for

assessments that have misrepresented the amounts owed, filing lawsuits against the Plaintiff Class Members for assessment sums not owed, and filing liens for assessments not supported by law or fact against properties of alleged debtors.

15. Plaintiff Usry owns a home in Ashbrooke Subdivision in Columbia County. Her address is 551 Cranberry Court, Grovetown, Georgia 30813.

16. Plaintiff Usry contacted Hull Barrett, P.C. with regard to this matter of her own volition and not in response to any solicitation, advertisement, or prior contact by Hull Barrett, P.C. or any of its attorneys or employees.

17. Plaintiff Daniel Darnell owns a home in Ashbrooke Subdivision in Columbia County. His address is 4904 Creek Bottom Court, Grovetown, Georgia 30813.

18. The Ashbrooke Property Owners Association requires annual lot owner association assessments. For the years 2012 to 2015, the assessments were $115 per parcel.

19. Bragg & Associates operates as the agent for the Ashebrooke Property Owners Association for the subdivision.

20. Due to financial struggles, Plaintiff Usry missed payment of assessments to Bragg & Associates in 2013 and 2014. Bragg & Associates turned her account over to Equity Experts for collection.

21. On or about September 17, 2013, Defendant Equity Experts and Defendant Jacqueline Galofaro filed a claim of lien on against Plaintiff Usry's property for $817.11.

22. From the years 2012 to 2015, Defendants have sent Plaintiff Usry threatening letters every month—and sometimes twice a month—stating that her "account with Ashbrooke remains severely delinquent." The letters further threaten to proceed with foreclosure, file a

lawsuit and obtain a judgment in court, and/or write of the debt and report to the Internal Revenue Service as income to Plaintiff Usry.

23. Plaintiff Usry has tried on multiple occasions to contact Defendants by phone in order to contest the alleged balance owed but was unable to get in touch with any of Defendants' agents or employees.

24. On December 11, 2014, Plaintiff Usry received notice from Defendants that the "current balance" as of that date was $3,199.60, and that if Plaintiff Usry did not "pay the balance within 10 days, balance may be *at least* $6,644.60." (emphasis added). There was no absolutely basis for the increase in the sums owed and no basis was stated in the letter.

25. Due to financial struggles, Plaintiff Darnell missed payment of assessments to Bragg & Associates in 2013. Bragg & Associates turned him account over to Defendant Equity Experts for collection.

26. Upon information and belief, in 2013, Defendants sent Plaintiff Darnell threatening letters every month—and sometimes twice a month—stating that his "account with Ashbrooke remains severely delinquent." The letters further threatened to proceed with foreclosure, file a lawsuit and obtain a judgment in court, and/or write of the debt and report to the Internal Revenue Service as income to Plaintiff Darnell.

27. Plaintiff Darnell tried on multiple occasions to contact Defendants by phone in order to contest the alleged balance owed, but Defendants were difficult to contact and would not explain the charges that Plaintiff Darnell purportedly owed.

28. On November 18, 2013, Plaintiff Darnell caused a payment of $1,351.00 to be sent to Defendant in order to pay his account with the Defendants.

29.   Defendants have provided no justification for the astronomical increase in the amount Plaintiffs allegedly owe or owed.

### IV. Class Action Allegations

30.   This action is brought by the Plaintiffs individually and as a class action under the provisions of Fed. R. Civ. P. 23 for damages and injunctive relief.

31.   The class of Plaintiffs for whose benefit the named Plaintiffs bring this action is defined as follows (referred to herein collectively as the "Plaintiff Class Members"):

> All natural persons who owned a home in Georgia to whom Equity Experts sent collection letters asserting claims for delinquent assessments, where the interest and/or fees, exceed sixteen percent (16%) per annum of the delinquent assessment. (hereinafter the General Class Members").

This proposed class would contain four subclasses as follows:

> a.  All natural persons who owned a home in Georgia to whom Equity Experts sent collection communications seeking to collect interest and/or fees in excess of sixteen percent (16%) per annum of the delinquent assessment. (hereinafter the "Illegal Interest Class Members"); and
>
> b.  All natural persons against whom, while owning a home in Georgia, Equity Experts has filed, or threatened to file, a lien and/or lawsuit asserting claims for interest and/or fees in an amount in excess of sixteen percent (16%) per annum of the delinquent assessment. (hereinafter the "Injunction Class Members"); and,
>
> c.  All natural persons who owned a home in Georgia from whom Equity Experts received any payment of interest and/or fees in excess of sixteen percent (16%) per annum of the delinquent assessment. (hereinafter the "Unjust Enrichment Class Members");
>
> d.  All natural persons who owned a home in Georgia from whom Equity Experts sought payments in excess of sums stated in the governing HOA agreement plus reasonable

costs of collection. (hereinafter the "Excess Sums Class Members").[1]

32. Plaintiffs and the proposed Plaintiff Class Members owned homes in Georgia when the Defendants attempted to collect from Plaintiffs and the Plaintiff Class Members sums for assessments that Plaintiffs and the Plaintiff Class Members do not owe, to collect sums that are usurious, sent threatening collection letters that have misrepresented the amounts owed, filed lawsuits against the Plaintiff Class Members for sums not owed, and filed liens not supported by law or fact against properties owned by the Plaintiffs and the Plaintiff Class Members.

33. Equity Experts has established a practice of attempting to collect sums that alleged debtors do not owe, collecting sums that are usurious, sending threatening collection letters that have misrepresented the amounts owed, filing lawsuits against the Plaintiff Class Members for sums not owed, and filing liens not supported by law or fact against properties of alleged debtors.

34. The practice as alleged above was developed and implemented by Defendants Novak, Galofaro, and Bredow. Specifically, Defendant Michael Novak oversaw the operation of Equity Experts and set the fees which were charged by Defendant Equity Experts. Defendant Galofaro, determined the amount the Defendant Equity Experts claimed was owed to it when contacting Plaintiffs and set the fees that Defendant charged. Defendant Bredow set the fees that Defendant charged.

35. The letters, liens, and collection efforts by Equity Experts, which were developed and implemented by Defendant Novak, Galofaro, and Bredow, are uniform and standard form documents that do not vary in any material form among the Plaintiff Class Members.

---

[1] Plaintiffs further request that both Plaintiffs be appointed as representatives of the overall class, the Illegal Interest subclass, and the Excess Sums subclass; that Plaintiff Ms. Usry be appointed as representative of the Injunction Class Members subclass; and that Plaintiff Mr. Darnell be appointed as the representative of the Unjust Enrichment Class Members subclass.

36. The identity of the class members can be readily be determined from a ministerial review of the records of the Defendants.

37. The amount of alleged debt, allegedly owed interest and fees, and existence of liens can be readily be determined from a ministerial review of the records of the Defendants.

38. The names and addresses of the Plaintiff Class Members can readily be determined from a ministerial review of the records of the Defendants and through the account statements of the Defendants.

39. The membership of the class is numerous and joinder of individual plaintiffs is impractical. On information and belief, there are over one hundred Plaintiff Class Members.

40. There are questions of law and fact common to all members of the Plaintiff class, and these common questions of law and fact and their resolution predominate over any individual issues. The principle questions pertinent to the class as a whole include:

   a. Whether the Defendants established a practice of attempting to collect sums that alleged debtors do not owe, collecting sums that are usurious, sending threatening collection letters that have misrepresented the amounts owed, filing lawsuits against the Plaintiff Class Members for sums not owed, and filing liens not supported by law or fact against properties of alleged debtors in violation of the FDCPA.

   b. Whether the Defendants established a practice of charging the Plaintiffs and the Plaintiff Class Members interest on association assessments at an annual percentage rate exceeding 16% per year and 5% per month in violation of the Georgia Usury Statutes.

      c.   The liability of the Defendants for violation of the FDCPA and the Georgia Usury Statutes.

      d.   The appropriate measure of damages and the appropriate remedies.

      e.   The availability of statutory damages under the FDCPA and the Georgia Usury and Unjust Enrichment Laws.

      f.   The need and appropriateness of injunctive relief.

41.    The claims of the named Plaintiffs are typical of the claims of the Plaintiff Class Members, which all arise from the same operative facts and are based on the same legal theory, and Plaintiffs' assertions of their claims will thus adequately represent those of the Plaintiff Class Members.

42.    The named Plaintiffs will fairly and adequately protect the interests of the Plaintiff Class Members.  Plaintiffs have retained counsel with experience in class action litigation, and they are not aware of any interest that might cause them not to vigorously pursue this case.

43.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder is impracticable. The expense and burden of individual litigation make it virtually impossible for the members of the class to proceed individually, and it is therefore most efficient to resolve all claims based on the Defendant's conduct in one forum.  Furthermore, most if not all of the class members are unaware of their potential claim against the Defendant for violation of the FDCPA and the Georgia Usury and Unjust Enrichment laws, so absent this class action, their rights will not be pursued.

44.    The Plaintiffs and their counsel are aware of no difficulties that will be encountered in the management of this litigation that would render the action unmanageable.

45. Plaintiffs'/Plaintiff Class Members' claims against the Defendants are based on Defendants' general practice of attempting to collect from the Plaintiffs and the Plaintiff Class Members sums that Plaintiffs and the Plaintiff Class Members do not owe, to collect sums that are usurious, sending threatening collection letters that have misrepresented the amounts owed, filing lawsuits against the Plaintiff Class Members for sums not owed, and filing liens not supported by law or fact against properties owned by the Plaintiffs and the Plaintiff Class Members. The Defendants knowingly engaged in these routine, standard practices, and the practices do not vary among members of the proposed Plaintiff class.

46. Prosecution of separate actions by individual Plaintiff Class Members would create adjudications that would be dispositive of the interests of the other members not parties to the adjudication. Plaintiffs are not aware of any other pending actions against these Defendants for these same causes of action.

47. Without a class action mechanism, members of the Plaintiff class would be substantially impaired or impeded in their ability to protect their interests. The value of claims of the individual class members would be in an amount that makes prosecution outside of the class action uneconomical.

48. The claims of the Plaintiff and Plaintiff Class Members are meritorious. The named Plaintiffs believes they will prevail on the merits based upon the clear, unambiguous statutory provisions and appellate court construction of those statutes.

49. A final judgment on the merits of the named Plaintiffs' claims would be fully dispositive of the claims and interests of those similarly situated who are not specifically named as a plaintiff in this action.

## V.  Claims

### Count I – Violation of the Fair Debt Collection Practices Act

50. Plaintiffs incorporate by reference all preceding paragraphs of this Complaint as if fully restated herein and further states as follows:

51. The FDCPA is a consumer protection statute that prohibits false, deceptive or unfair debt-collection practices.

52. Finding "abundant evidence" of such practices, Congress passed the FDCPA in 1977 to stop "the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a).

53. The FDCPA regulates the conduct of debt-collectors, which the statute defines as any person who "regularly collects . . . debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

54. Plaintiffs and the Plaintiff Class Members are "consumers" as that term is defined by 15 U.S.C. § 1692a(3).

55. Defendants are "debt collectors" as defined by 15 U.S.C. § 1692a(6), and thus subject to the FDCPA.

56. Defendants misrepresented the amounts the Plaintiffs and the Plaintiff Class Members owe. Class Members' claims against the Defendants are based on Defendants' general practice of attempting to collect from the Plaintiffs and the Plaintiff Class Members sums that Plaintiffs and the Plaintiff Class Members do not owe, to collect sums that are usurious, sending threatening collection letters that have misrepresented the amounts owed, filing lawsuits against the Plaintiff Class Members for sums not owed, and filing liens not supported by law or fact against properties owned by the Plaintiffs.  Also the Defendants have "harassed," "oppressed,"

and "abused" the Plaintiffs and Plaintiff Class Members within the broad scope of 15 U.S.C. § 1692d.

57. Defendants misrepresented the amounts the Plaintiffs and the Plaintiff Class Members owe. Class Members' claims against the Defendants are based on Defendants' general practice of attempting to collect from the Plaintiffs and the Plaintiff Class Members sums that the Plaintiffs and the Plaintiff Class Members do not owe, to collect sums that are usurious, sending threatening collection letters that have misrepresented the amounts owed, filing lawsuits against the Plaintiff Class Members for sums not owed, and filing liens not supported by law or fact against properties owned by the Plaintiffs.  Defendants treatment of Plaintiffs and the Plaintiff Class Members was "unfair," "unconscionable," "deceptive," and "misleading" within the broad scope of 15 U.S.C. §§1692e and 1692f.

58. The Plaintiffs and the Plaintiff Class Members are entitled to statutory damages arising from the Defendants' violations of the FDCPA, including compensatory damages, statutory damages provided for under the FDCPA, and costs and attorney's fees pursuant to 15 U.S.C. § 1692k.

59. The Plaintiffs and the Plaintiff Class Members are entitled to an injunction arising from the Defendants' violations of the FDCPA barring the Defendant from recovering any money as a result of the Defendants' illegal debt collection practices and ordering the cancellation of the liens filed by Defendants.

### Count II – Violation of Georgia Usury Laws

60. Plaintiffs incorporate each of the foregoing numbered paragraphs as if fully set forth herein.

61. The term "usury" as defined in O.C.G.A. § 7-4-1 is defined as "reserving and taking or contracting to reserve and take, either directly or indirectly, a greater sum for the use of money than the lawful interest."

62. O.C.G.A. § 7-4-2(a)(2) prohibits any person or company from charging more than 16% per year simple interest where the principal amount is $3,000 or less.

63. O.C.G.A. § 7-4-18(a) makes it a crime for any person or company to charge more than 5% per month, or 60% per year, and provides a criminal penalty for violation thereof.

64. O.C.G.A. § 7-4-10(a) provides that any person or company violating provisions of O.C.G.A. § 7-4-2 "shall forfeit the entire interest so charged or taken or contracted to be reserved, charged, or taken."

65. O.C.G.A. §§ 7-4-2(a)(2) and 7-4-18(a) create a private legal duty owed to Plaintiffs, and breach of such duty allows the awarding of damages.

66. Defendants violated the duty owed to Plaintiffs and the Plaintiff Class Members when it charged the Plaintiffs and the Plaintiff Class Members interest on association assessments at an annual percentage rate exceeding 16% per year and 5% per month in violation of the Georgia Usury Statutes.

67. The harm suffered by the Plaintiffs and the Plaintiff Class Members as a result of the violations of O.C.G.A. §§ 7-4-2 and 7-4-18 is exactly the harm sought to be proscribed by these statutory sections.

68. Plaintiffs and the Plaintiff Class Members are entitled to the entire interest so charged or taken or contracted to be reserved, charged, or taken from the Plaintiffs and the Plaintiff Class Members.

## Count III – Unjust Enrichment

69. Plaintiffs incorporate each of the foregoing numbered paragraphs as if fully set forth herein.

70. Defendants have attempted to collect from the Plaintiffs and the Plaintiff Class Members sums that the Plaintiffs and the Plaintiff Class Members do not owe, to collect sums that are usurious, sending threatening collection letters that have misrepresented the amounts owed, filing lawsuits against the Plaintiff Class Members for sums not owed, and filing liens not supported by law or fact against properties owned by the Plaintiffs and the Plaintiff Class Members in violation of the FDCPA and the Georgia Usury Statutes.

71. Defendants were aware that they are not entitled to attempt to collect from the Plaintiffs and the Plaintiff Class Members sums that the Plaintiffs and the Plaintiff Class Members do not owe, to collect sums that are usurious, send threatening collection letters that have misrepresented the amounts owed, file lawsuits against the Plaintiff Class Members for sums not owed, and file liens not supported by law or fact against properties owned by the Plaintiffs and the Plaintiff Class Members.

72. The Plaintiffs and the Unjust Enrichment Class Members have and/or will confer a nongratuitous benefit upon Defendants by payment to the Defendant Equity Experts to which the Defendant is not entitled.

73. It would be unjust for Defendants to retain any payments when they are fully aware that they have no right to collect because the collection activities are prohibited by the FDCPA and the Georgia Usury and Unjust Enrichment laws.

74. The Plaintiffs and the Unjust Enrichment Class Members are entitled to an injunction arising from the Defendants' violations of the FDCPA and the Georgia Usury and

Unjust Enrichment laws. Plaintiffs are entitled to an order barring the Defendants from recovering any further money as a result of the Defendants' attempting to collect from the Plaintiffs and the Plaintiff Class Members sums that the Plaintiffs and the Plaintiff Class Members do not owe, to collect sums that are usurious, sending threatening collection letters that have misrepresented the amounts owed, filing lawsuits against the Plaintiff Class Members for sums not owed, and filing liens not supported by law or fact against properties owned by the Plaintiffs and the Plaintiff Class Members.

75. The Plaintiffs and the Unjust Enrichment Class Members are entitled to damages in the amount of all payments made to the Defendants arising from the Defendants' violations of the FDCPA and Georgia Usury Statutes through Defendants' attempting to collect from the Plaintiffs and the Plaintiff Class Members sums that the Plaintiffs and the Plaintiff Class Members do not owe, to collect sums that are usurious, sending threatening collection letters that have misrepresented the amounts owed, filing lawsuits against the Plaintiff Class Members for sums not owed, and filing liens not supported by law or fact against properties owned by the Plaintiffs and the Plaintiff Class Members.

## VI. Prayer for Relief

WHEREFORE, the Plaintiffs and the proposed Plaintiff Class Members pray for judgment and relief as follows:

   a. An order certifying that the action may be maintained as a class action, and for notice to the class;

   b. That the named Plaintiffs herein be designated class representatives for the Plaintiff Class Members;

c. That Plaintiffs' counsel of record herein be designated as class counsel for the Plaintiff Class Members class as defined in this complaint or by this Court;

d. Compensatory damages in an amount to be proven at trial, including any damages provided by the FDCPA and the Georgia Usury and Unjust Enrichment laws;

e. A temporary, preliminary and/or permanent order enjoining the Defendants from collecting or attempting to collect the alleged amounts owed by the Plaintiffs and the Plaintiff Class Members;

f. A temporary, preliminary and/or permanent order disgorging from Defendants all money collected from attempting to collect from the Plaintiffs and the Plaintiff Class Members sums that the Plaintiffs and the Plaintiff Class Members do not owe, to collect sums that are usurious, sending threatening collection letters that misrepresent the amounts owed, and filing liens not supported by law or fact against properties owned by the Plaintiff sand the Plaintiff Class Members;

g. A temporary, preliminary and/or permanent order providing a moratorium on any interest that accrues on the accounts of the Plaintiffs and the Plaintiff Class Members during the course of this action;

h. An order requiring that all liens filed by the Defendants on properties owned by the Plaintiffs and the Plaintiff Class Members be cancelled;

i. Pre and post-judgment interest, if applicable;

j. An order granting Plaintiffs their expenses incurred in bringing and prosecuting this action, including attorney's fees, expert fees, and costs;

k. That the Defendants be required to pay, where appropriate, all monies referred to herein which relate to the Plaintiff Class Members into a common fund for the

      benefit of the Plaintiff Class Members, less an incentive award, litigation expenses and attorneys' fees;

l. That the Court conduct a "fairness hearing", after due and proper notice to all Plaintiff Class Members, and make such award of attorneys' fees, litigation expenses and an incentive award for the named Plaintiff as the Court deems appropriate from the common funds (as referenced above) and/or from the Defendants;

m. A trial by jury; and

n. Such other and further relief as the Court may deem just, necessary or appropriate.

Dated:_____, _____

s/
DAVID E. HUDSON
Georgia Bar No. 374450
MITCHELL B. SNYDER
Georgia Bar No. 137995
N SHANNON GENTRY LANIER
Georgia Bar No. 289904

*Attorneys for Plaintiffs and Plaintiff Class*

**HULL BARRETT, P.C.**
Post Office Box 1564
Augusta, Georgia 30903-1564
Telephone: (706) 722-4481
Facsimile:  (706) 706-722-9779
MSNYDER@HULLBARRETT.COM
DHudson@hullbarrett.com