IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

SARAH USRY and DANIEL DARNELL,　　*
on behalf of themselves and　　　 *
all others similarly situated,　 *
　　　　　　　　　　　　　　　　　*
　　　　　　　　　　　　　　　　　*
　　Plaintiffs,　　　　　　　　　 *
　　　　　　　　　　　　　　　　　*
　　　　v.　　　　　　　　　　　　*　　　　CV 116-010
　　　　　　　　　　　　　　　　　*
EQUITYEXPERTS.ORG, LLC d/b/a　　 *
EQUITY EXPERTS; MICHAEL NOVAK;　 *
JACQUELINE GALOFARO; and MARK　　*
BREDOW,　　　　　　　　　　　　　*
　　　　　　　　　　　　　　　　　*
　　Defendants.　　　　　　　　　 *
　　　　　　　　　　　　　　　　　*

_____

**O R D E R**

_____

Before the Court is Charity A. Olson, Esq.'s motion to
withdraw as co-counsel for Defendant EquityExperts.org, LLC
("Defendant Equity Experts"). (Doc. 92.) Ms. Olson is admitted
to practice law in the State of Michigan. Following removal of
the above-referenced matter to this Court, Ms. Olson moved for and
received *pro hac vice* admission to the United States District Court
for the Southern District of Georgia. (Docs. 38, 41.)

## I. ATTORNEY CONDUCT

Before considering Ms. Olson's motion to withdraw, the Court
must address issues with Defendant Equity Experts' briefing.

**A. Background**

Plaintiffs filed their first motion to certify class on June 14, 2017. (Doc. 61.)  Ms. Olson, on behalf of Defendant Equity Experts, filed the response shortly thereafter. (Resp. to Mot. for Class Certification, Doc. 68.)  On page seven of the response, Defendant Equity Experts included the following exact language in its rule statement for ascertainability:

> This threshold issue of ascertainability relates to whether the putative class can be identified: "[a]n identifiable class exists if its members can be ascertained by reference to objective criteria." Bussey v. Macon Cnty. Greyhound Park, Inc., 562 Fed.Appx. 782, 787 (11th Cir.2014) (citing Fogarazzo v. Lehman Bros., Inc., 263 F.R.D. 90, 97 (S.D.N.Y.2009)). These "objective criteria" should be "administratively feasible," meaning that the identification of class members should be "a manageable process that does not require much, if any, individual inquiries." Id. (citation omitted) (reversing district court decision finding ascertainability satisfied where class could be identified by reference to the defendant's records).  If a plaintiff fails to demonstrate that the putative class is clearly ascertainable, then class certification is properly denied. See Walewski v. Zenimax Media, Inc., 502 Fed.Appx. 857, 861 (11th Cir.2012) . . . .

(Resp. to Mot. for Class Certification, at 7-8 (alterations in original).)

The above language closely resembles text from an order entered by United States District Court Judge Beth Bloom:

> This threshold issue of "ascertainability," relates to whether the putative class can be identified: "[a]n identifiable class exists if its members can be ascertained by reference to objective criteria." Bussey v. Macon Cnty. Greyhound Park, Inc., 562 Fed.Appx. 782, 787 (11th Cir.2014) (citing Fogarazzo v. Lehman Bros.,

Inc., 263 F.R.D. 90, 97 (S.D.N.Y.2009)). These "objective criteria" should be "administratively feasible," meaning that the identification of class members should be "a manageable process that does not require much, if any, individual inquiries." Id. (citation omitted) (reversing district court decision finding ascertainability satisfied where class could be identified by reference to the defendant's records). . . . If a plaintiff fails to demonstrate that the putative class is clearly ascertainable, then class certification is properly denied. See Walewski v. Zenimax Media, Inc., 502 Fed.Appx. 857, 861 (11th Cir.2012) . . . .

Randolph v. J.M. Smucker Co., 303 F.R.D. 679, 684-85 (S.D. Fla. 2014) (alterations in original). Sincerely hoping the overlap between Defendant Equity Experts' brief and Judge Bloom's Order was an isolated mistake, the Court closely scrutinized other portions of Defendant Equity Experts' brief. The Court discovered two additional sections of the brief that closely track court decisions. Compare Resp. to Mot. for Class Certification, at 9-10, with Alhassid v. Bank of Am., N.A., 307 F.R.D. 684, 693-94 (S.D. Fla. 2015); compare Resp. to Mot. for Class Certification, at 18, with In re Terazosin Hydrochloride, 220 F.R.D. 672, 694 (S.D. Fla. 2004). Although the two additional, highlighted sections of the brief contain some original alterations and full quotations from orders and opinions that Alhassid and In re Terazosin Hydrochloride also fully quote, the likeness is close enough to raise concerns.[1]

---

[1] Because much of the language in Defendant Equity Experts' Response in Opposition to Plaintiff's Amended Motion for Class Certification incorporates language verbatim from Defendant Equity Expert's original opposition to class

**B. Discussion**

Pursuant to Local Rule 83.5(d),

> The standards of professional conduct of attorneys appearing in a case or proceeding, or representing a party in interest in such a case or proceeding, are governed by the Georgia Bar Rules of Professional Conduct and the American Bar Association's Model Rules of Professional Conduct. . . .  A violation of any of these rules in connection with any matter pending before this Court may subject the attorney to appropriate disciplinary action.

Under Georgia Rule of Professional Conduct 8.5(a), a "Domestic or Foreign Lawyer" is subject to the Georgia Bar's disciplinary authority upon providing legal services in Georgia.  Georgia Rule of Professional Conduct 8.4(a) establishes that "[i]t shall be a violation of the Georgia Rules of Professional Conduct for a lawyer to: (4) engage in professional conduct involving dishonesty, fraud, deceit or misrepresentation."

Michigan Rule of Professional Conduct 8.5(a) gives the State Bar of Michigan authority to discipline its attorneys' violations of professional misconduct wherever they transpire.  Further, the Michigan Rules of Professional Conduct similarly ban "conduct involving dishonesty, fraud, deceit, [or] misrepresentation" reflecting "adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer."  MICH. R. PROF'L CONDUCT 8.4(b).

---

certification, several of the issues highlighted herein apply to both briefs. Compare Resp. to Mot. for Class Certification, at 7-8, 9-10, 18, with Resp. to Am. Mot. for Class Certification, Doc. 87, at 7-8, 9-10, 18.

"The court reminds counsel that . . . cutting and pasting, without attribution, is plagiarism." <u>United States v. Sypher</u>, No. 3:09-CR-00085, 2011 WL 579156, at *3 n.4 (W.D. Ky. Feb. 9, 2011). Although "our legal system stands upon the building blocks of precedent, necessitating some amount of quotation or paraphrasing, citation to authority is absolutely required when language is borrowed." <u>United States v. Bowen</u>, 194 F. App'x 393, 402 n.3 (6th Cir. 2006). Though the Court does not decide the issue here, several courts have discussed plagiarism as a violation of ethical rules prohibiting misrepresentation and deceit, similar to rules in Georgia and Michigan. <u>See</u> <u>Venesevich v. Leonard</u>, No. 1:07-CV-2118, 2008 WL 5340162, at *2 n.2 (M.D. Pa. Dec. 19, 2008) (citing multiple examples); GA. R. PROF'L CONDUCT 8.4(a)(4); MICH. R. PROF'L CONDUCT 8.4(b).

Attorneys granted *pro hac vice* admission into the United States District Court for the Southern District of Georgia are held to the same standard as those fully admitted, and the Court does not condone plagiarism from any attorney practicing here. At best, reproducing language without acknowledgement in court filings is disrespectful to the original authors of the text, potentially harmful to the client, and unbecoming of a member of the legal profession. Therefore, the Court issues this unequivocal message: The copying of portions of a court's decision without citation is intolerable. The Court hopes Ms. Olson heeds this

pronouncement going forward.   While a Court statement concerning the perniciousness of plagiarism should be unnecessary, this occasion serves as a reminder.

## II. MOTION TO WITHDRAW

The Court now considers Ms. Olson's motion to withdraw as counsel.   Ms. Olson attached an email from Katrina Marie DeMarte, Esq. to Plaintiffs' counsel indicating Ms. Olson no longer represents Defendant Equity Experts. (Doc. 92-1.) Kyle S. Kotake, Esq. continues his representation of Defendant Equity Experts at this time.   Accordingly, Ms. Olson's motion to withdraw (Doc. 92) is **GRANTED**.   The Clerk is **DIRECTED** to terminate Ms. Olson as an attorney of record in this case as of the date of this Order.

**ORDER ENTERED** at Augusta, Georgia, this _15th_ day of May, 2019.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA