IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| SARAH USRY and DANIEL DARNELL, on behalf of themselves and all others similarly situated, | * * * * | |
| Plaintiffs, | * * | |
| v. | * * | CV 116-010 |
| EQUITYEXPERTS.ORG, LLC d/b/a EQUITY EXPERTS; MICHAEL NOVAK; JACQUELINE GALOFARO; and MARK BREDOW, | * * * * * | |
| Defendants. | * | |

**O R D E R**

Before the Court are Defendant EquityExperts.org, LLC's ("Equity Experts") motion to file under seal (Doc. 123); Defendant Equity Experts's motion for extension of time to respond to Plaintiffs' motion for approval of class notice and questionnaire (Doc. 129); and Plaintiffs' notice to substitute a page in the record (Doc. 132). For the following reasons, Defendant Equity Experts's motion to file under seal is **DENIED WITHOUT PREJUDICE** and Defendant Equity Experts's motion for extension of time is **GRANTED**.

## I. BACKGROUND

The Court recently granted Plaintiffs' motion for class certification. (Order, Doc. 121, at 36.) Shortly thereafter, Defendants filed a motion for reconsideration of the Order granting Plaintiffs' motion for class certification. (Mot. for Recons., Doc. 122.) As part of Defendants' motion for reconsideration, Defendants seek to introduce financial records establishing that there is no possible recovery because Defendant Equity Experts has a negative net worth. (Mot. for Recons., at 12-15.) Defendants filed the present motion seeking to file under seal portions of those documents evidencing Defendant Equity Experts's net worth. (Mot. to File Under Seal, Doc. 123, at 2-3.)

According to Defendant Equity Experts, the financial statements it intends to file contain sensitive information regarding the entity's finances, including personal and medical information. (Id. at 2.) Defendant Equity Experts explains that it intends to file redacted versions of the financial statements, email unredacted versions to Plaintiffs' counsel, and provide the Court with unredacted copies of the complete filing. (Id. at 3.) Plaintiffs do not oppose Defendant Equity Experts's motion to file under seal. (Resp. to Mot. to File Under Seal, Doc. 125.)

## II. MOTION TO FILE UNDER SEAL

The Eleventh Circuit has long recognized a "presumptive common law right to inspect and copy judicial records." United States v. Rosenthal, 763 F.2d 1291, 1293 (11th Cir. 1985) (citing Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978)). "The operations of the courts and the judicial conduct of judges are matters of utmost public concern." Romero v. Drummond Co., Inc., 480 F.3d 1234, 1245 (11th Cir. 2007) (quoting Landmark Commc'ns, Inc. v. Virginia, 435 U.S. 829, 839 (1978)). Therefore, "the common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process." Id. (quoting Chicago Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1311 (11th Cir. 2001)).

A party can justify a document being sealed by showing good cause. Id. at 1246 (citing Chicago Tribune, 263 F.3d at 1309). Good cause is determined by balancing the historical presumption of right to access against the movant's privacy interests. Chicago Tribune, 263 F.3d at 1311; Newman v. Graddick, 696 F.2d 796, 803 (11th Cir. 1983). Courts evaluate, among other considerations: (a) "whether allowing access would impair court functions or harm legitimate privacy interests"; (b) "the degree of and likelihood of injury if" the documents were "made public"; (c) "the reliability of the information"; (d) "whether there will be an

3

opportunity to respond to the information"; (e) "whether the information concerns public officials or public concerns"; and (f) "the availability of a less onerous alternative." Romero, 480 F.3d at 1246.

Additionally, the Court's Local Rules establish the procedure for sealing documents, LR 79.7(b), SDGa, and contemplate three layers of information to which a motion to seal may extend: "(1) the name of the movant; (2) the title of the filing sought to be sealed; and (3) the contents of the filing itself." Id. 79.7(d). Furthermore,

> A party who moves to seal any matter submitted to the Court shall indicate whether the matter should be sealed permanently or until: (1) the conclusion of the trial, (2) the entry of final judgment, (3) the conclusion of the direct appeal, or (4) some other specified time. The permanent sealing of a Court record is not preferred and should be sought only where temporary sealing is not adequate to protect the interest at stake. Upon the expiration of any temporary sealing period, the matter shall be unsealed and made a part of the public record.

Id. 79.7(e).

Even if the motion to file under seal meets no opposition, the parties to a lawsuit lack the authority to determine which documents outweigh the public's common law right of access. See Wilson v. Am. Motors Corp., 759 F.2d 1568, 1571 (11th Cir. 1985). Therefore, "district court[s] must keep in mind the rights of a third party — the public, 'if the public is to appreciate fully the often significant events at issue in public litigation and the

4

workings of the legal system.'" Id. (quoting Newman, 696 F.2d at 803).

Here, Defendant Equity Experts seeks permission to redact certain information contained within financial statements. The motion contains little in terms of justifying sealing such information and fails to request a duration of the sealing. Most importantly, Defendant Equity Experts failed to follow the Local Rules' specific instructions to obtain permission to file sealed documents.

> Any person desiring to have any matter placed under seal shall present a motion setting forth the grounds why the matter presented should not be available for public inspection. The Clerk shall: (i) docket the motion as a Motion to Seal; (ii) refrain from labeling the filing as "sealed" or identifying the person seeking the sealing order unless the person consents; (iii) designate any accompanying materials as "sealed matter"; and (iv) maintain the motion and accompanying materials in a secure file pending a ruling on the Motion to Seal.

LR 79.7(b), SDGa. The reason for Local Rule 79.7(b) is obvious. As stated, the Parties cannot make the determination as to what the Court shields from the public; the Court is tasked with making that determination. The Court, however, cannot perform its duty without evaluating the materials, and Defendant Equity Experts failed to file the documents it seeks to partially seal. Because the Court "does not rubber-stamp motions to seal, nor find 'good cause' *pro forma*," the Court cannot grant Defendant Equity Experts's requested relief without first evaluating the documents.

5

MSP Recovery Claims, Series LLC v. S.-Owners Ins. Co., No. 17-cv-24068-UU, 2017 WL 6622806, at *1 (S.D. Fla. Dec. 15, 2017); accord McNatt v. Bush, No. CV 119-139, 2020 WL 1649911, at *1 (S.D. Ga. Apr. 2, 2020); Advice Interactive Grp., LLC v. Web.com Grp., Inc., No. 3:17-cv-801-J-39MCR, 2017 WL 9935023, at *1 (M.D. Fla. Sept. 6, 2017); Estate of Martin Luther King, Jr. v. CBS, Inc., 184 F. Supp. 2d 1353, 1363 (N.D. Ga. 2002).

Should Defendant Equity Experts possess concerns regarding the publicity of the document if the Court were to deny the motion, the Local Rules also contemplate that situation: "If the Motion to Seal is denied, any materials which the person sought to have sealed, and which were submitted to the Clerk with the motion, shall be returned to the person, who shall then have the option of filing the materials in the normal course." LR 79.7(c), SDGa.

### III. MOTION FOR EXTENSION OF TIME

Defendants request an extension of time to respond to Plaintiffs' motion for approval of class notice and questionnaire. (Mot. for Extension of Time, Doc. 129.) Specifically, Defendants ask the Court to postpone the deadline for their response until fourteen days after the Court decides Defendants' motion for reconsideration. (Id. ¶¶ 11, 13.) In support, Defendants cite the cost associated with the class notice and the possibility that their motion for reconsideration could moot the need for the class

6

notice and questionnaire. (Id. ¶ 11.) Further, Defendants point to communication issues between the Parties as to the notice and questionnaire. (Id. ¶ 8.)

Plaintiffs' response seemingly opposes Defendants' motion for extension of time. (Resp. to Mot. for Extension of Time, Doc. 133.) Plaintiffs contend they contacted Defendants for comment concerning the class notice and questionnaire. (Id. ¶ 1; Resp. to Mot. for Extension of Time Ex., Doc. 133-1.) Plaintiffs also assert the costs of notifying the class are Plaintiffs' responsibility. (Resp. to Mot. for Extension of Time, ¶ 3.)

Upon due consideration, the Court reluctantly finds extending Defendants' deadline to respond to Plaintiffs' motion for approval of class notice and questionnaire is in the interest of judicial economy. The Parties are encouraged to address their communication issues in the interim to avoid further delay in circulating the class notice and questionnaire should the Court deny Defendants' motion for reconsideration.

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant Equity Experts's motion to file under seal (Doc. 123) is **DENIED WITHOUT PREJUDICE**. To the extent Defendant Equity Experts wishes to file information under seal, it shall **FILE** a motion and attached documents in accordance with the procedures set forth in the

Court's Local Rules within **FOURTEEN (14) DAYS** of the date of this Order. If Defendant Equity Experts wishes to block from public view certain contents of documents through redaction, it shall **FILE** an unredacted version under seal and the redacted version as a separate attachment within the aforementioned timeframe.[1]

**IT IS FURTHER ORDERED** that Defendants' motion for extension of time (Doc. 129) is **GRANTED**. Defendants shall **FILE** their response to Plaintiffs' motion for approval of class notice and questionnaire within **FOURTEEN (14) DAYS** of the Court's Order deciding Defendants' motion for reconsideration. All subsequent reply briefs are governed by the Court's Local Rules.

Finally, the Court recognizes the need to redact personal information in the record as highlighted in Plaintiffs' notice to substitute a page in the record. (Doc. 132.) Accordingly, the Clerk is **DIRECTED** to **SUBSTITUTE** Doc. 132-1 in the place of Doc. 77-4, at 158, and Doc. 79-4, at 158.

**ORDER ENTERED** at Augusta, Georgia, this 13th day of April, 2020.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] Defendant Equity Experts is further encouraged to expand on its asserted good cause reason to redact the financial statements and set forth the requested duration of the sealing of the document.