```
      IN THE UNITED STATES DISTRICT COURT FOR THE
               SOUTHERN DISTRICT OF GEORGIA
                      AUGUSTA DIVISION
```

SARAH USRY and DANIEL DARNELL,   *
on behalf of themselves and      *
all others similarly situated,   *
                                 *
     Plaintiffs,                 *
                                 *
                                 *   CV 116-010
         v.                      *
                                 *
EQUITYEXPERTS.ORG, LLC d/b/a     *
EQUITY EXPERTS; MICHAEL NOVAK;   *
JACQUELINE GALOFARO; and MARK    *
BREDOW,                          *
                                 *
     Defendants.                 *
                                 *
                                 *

## O R D E R

Presently before the Court is Defendants' motion for reconsideration (Doc. 122) of the Court's March 5, 2020 Order. (Doc. 121.) For the following reasons, Defendants' motion is **DENIED**.

### I. BACKGROUND

The relevant facts are set forth in the Court's March 5, 2020 Order. (Doc. 121, at 1-10.) In that Order, the Court granted Plaintiffs' motion for class certification. On March 19, 2020, the Defendants filed the present motion.

## II. DISCUSSION

Defendants filed their motion for reconsideration within twenty-eight days of the Court's Order; therefore, the Court will analyze the motion under Federal Rule of Civil Procedure 59(e). See Brown v. Spells, No. 7:11-cv-91, 2011 WL 4543905, at *1 (M.D. Ga. Sept. 30, 2011); accord Mahone v. Ray, 326 F.3d 1176, 1177 n.1 (11th Cir. 2003). Reconsideration under Rule 59(e) is justified only when there is: "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice." Schiefer v. United States, 2007 WL 2071264, at *2 (S.D. Ga. July 19, 2007). Here, Defendants do not assert there has been an intervening change in law. Additionally, Defendants concede there is no newly discovered evidence. Instead, Defendants argue there is "newly available evidence" and the Court should reconsider its Order because of "misrepresentations of fact made by the Plaintiffs." (Doc. 122, at 2.) Thus, the Court will assume Defendants are proceeding under the theory that the Court must correct a clear error or prevent manifest injustice.

"Reconsideration of a previous order is an extraordinary remedy, to be employed sparingly." Armbuster v. Rosenbloom, No. 1:15-cv-114, 2016 WL 1441467, at *1 (S.D. Ga. Apr. 11, 2016) (citation and internal quotation marks omitted); see also Spellman v. Haley, No. 97-T-640-N, 2004 WL 866837, at *2 (M.D. Ala. Feb.

2

22, 2002) ("[L]itigants should not use motions to reconsider as a knee-jerk reaction to an adverse ruling."). Because it "is not an appeal, . . . it is improper on a motion for reconsideration to ask the Court to rethink what the Court has already thought through — rightly or wrongly." Armbuster, 2016 WL 1441467, at *1 (citation and internal quotation marks omitted). Moreover, it is well established that "additional facts and arguments that should have been raised in the first instance are not appropriate grounds for a motion for reconsideration." Gougler v. Sirius Prods., Inc., 370 F. Supp. 2d 1185, 1189 (S.D. Ala. 2005) (citation omitted); see also Am. Home Assurance Co. v. Glenn Estess & Assocs., Inc., 763 F.2d 1237, 1239 (11th Cir. 1985) (cautioning against use of a motion for reconsideration to afford a litigant "two bites at the apple"); Rossi v. Troy State Univ., 330 F. Supp. 2d 1240, 1249-50 (M.D. Ala. 2002) (denying motion for reconsideration when plaintiff failed to submit evidence prior to entry of original order and failed to show good cause for the omission).

Furthermore, "the moving party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Burger King Corp. v. Ashland Equities, Inc., 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002). And, ultimately, "the decision to grant a motion for reconsideration 'is committed to the sound discretion of the district judge.'" Townsend v. Gray, 505 F. App'x 916, 917 (11th Cir. 2013) (quoting Region 8 Forest

Serv. Timber Purchasers Council v. Alcock, 993 F.2d 800, 806 (11th Cir. 1993)).

Together, Plaintiffs and Defendants have filed a total of 13 replies or supplements to replies in response to Defendants' motion for reconsideration. Defendants' motion and replies outline five main arguments. The Court will address each argument below.

**A. Individual Suits**

First, Defendants argue that the Court should reconsider its March 5, 2020 Order because proposed class members have filed individual suits against Equity Experts, and thus, Plaintiffs' argument that class members were unaware that they may be able to bring suit does not support a finding of superiority. Even if six proposed class members have filed suit, it does not change the Court's analysis that individual claims "would place a consequential strain on the courts." (Doc. 121, at 35.) Moreover, "lack of awareness" was not the Court's sole consideration when analyzing superiority.

**B. Judicial Economy**

Next, Defendants argue that "there are ongoing concerns regarding the judicial economy at issue in this matter and the mounting costs of defense and prosecution" that weigh against a finding of superiority. (Doc. 122, at 2.) Specifically, Defendants assert Plaintiffs' counsel is abusing the Fair Debt Collection Practices Act's ("FDCPA") class action mechanism

because of the potential for *de minimis* recovery. Defendants essentially argue a variation of the same argument the Court previously rejected and repeat that "proceeding as a class is not a superior method as there will result in no recovery for any class members." (Doc. 122, at 6.) This is impermissible under Rule 59(e). See, e.g., Wendy's Int'l v. Nu-Cape Constr., Inc., 169 F.R.D. 680, 686 (M.D. Ga. 1996) ("[A motion for reconsideration] is not a vehicle for rehashing arguments already rejected by the court or for refuting the court's prior decision.") (citation omitted). Moreover, if the Court finds that this action was brought in bad faith, § 1692k allows the Court to award attorney's fees to Defendants. 15 U.S.C. § 1692k(a)(3).

## C. Defendants Galofaro, Novak, and Bredow

Defendants also argue Galofaro, Novak, and Bredow are not "debt collectors" as defined under the FDCPA and thus, cannot be held liable. This argument has been raised for the first time in Defendants' motion for reconsideration. Because a motion for reconsideration "is not an opportunity for a party to improve upon his arguments or try out new arguments," the Court will not address the merits of this argument at this time. McCoy v. Macon Water Auth., 966 F. Supp. 1209, 1223 (M.D. Ga. 1997); see also Underwood v. Lampert, No. 02-21154-CIV, 2005 WL 8155004, at *1 (S.D. Fla. Nov. 1, 2005)("[A]ny arguments the party failed to raise in the earlier motion will be deemed waived.").

In the alternative, Defendants argue that even if Galofaro, Novak, and Bredow are liable under the FDCPA, like Equity Experts, their net worth is zero. This argument also fails to warrant reconsideration. As the Court stated in its March 5, 2020 Order, "The Eleventh Circuit has noted the benefit of class adjudication of FDCPA claims as compared to individual adjudication, even where the potential recovery per putative class member is very small." (Doc. 121, at 34) (quoting Dickens v. GC Servs. Ltd. P'ship, 706 F. App'x 529, 537-38 (11th Cir. 2017)).

### D. Standing

Defendants do not challenge the named Plaintiffs' standing based upon their alleged injury. Instead, Defendants argue "Plaintiffs' [sic] lack standing on the basis of statute of limitations and . . . the relief requested." (Doc. 135, at 15.) As addressed above, a motion for reconsideration is not "an appropriate vehicle to present authorities available at the time of the first decision or to reiterate arguments previously made." Scott v. Allstate Prop. & Cas. Ins. Co., No. 408CV236, 2010 WL 1526050, at *1 (S.D. Ga. Apr. 15, 2010)(internal quotations and citation omitted). Thus, the Court will not address the merits of the standing issue as it relates to the relief requested. Further, although the Defendants conflate a standing and statute of limitations argument, the Court will address the statute of limitations argument separately below.

6

**E. Statute of Limitations**

Defendants' statute of limitations argument evolves through each reply. First, Defendants argue Plaintiffs' claims are barred by the statute of limitations due to the recent Supreme Court decision in Rotkiske v. Klemm. 140 S. Ct. 355 (2019). Although Defendants should have raised this argument prior to their motion for reconsideration, the Court will address it.

An action under the FDCPA must be brought "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). The Court in Rotkiske clarified that the statute of limitations in the FDCPA "begins to run on the date on which the alleged FDCPA violation occurs, not the date on which the violation is discovered." Rotkiske, 140 S. Ct. at 357. However, "where there are numerous communications, some of which fall outside the statutorily permitted time period, the plaintiff may maintain those claims based on the communications that were not time barred even if the communications concern the same debt." Rusk v. Specialized Loan Servicing, LLC, No. CV418-211, 2020 WL 2772771, at 7 (S.D. Ga. May 28, 2020) (citing Kaplan v. Assetcare, Inc., 88 F. Supp. 2d 1355, 1360 (S.D. Fla. 2000); McCorriston v. L.W.T., Inc., 536 F. Supp. 2d 1268, 1272 (M.D. Fla. 2008)).

Here, Plaintiffs have shown debt collection letters were mailed to the named Plaintiffs within one year prior to the filing of this action. (See Doc. 79-4.) Because "the statute of

7

limitations on an FDCPA claim based on a written communication begins to run the date the communication is mailed," the Court does not find the claim is barred at this time. Owens-Benniefield v. BSI Fin. Servs., 806 F. App'x 853, 857 (11th Cir. 2020) (citing Maloy v. Phillips, 64 F.3d 607, 608 (11th Cir. 1995)).

Additionally, Defendants argue, in the alternative, that if Defendants' actions are "separate and distinct . . . [it] would preclude Plaintiffs' [sic] from raising the equitable doctrine of the continuing violations doctrine." (Doc 150, at 2.) Defendants do not elaborate on this argument, nor cite any legal authority. Despite that, it is improper to raise this argument for the first time in a motion for reconsideration.

Finally, Defendants argue there is a manageability issue because the Court would have to look at each potential class member to determine whether their claim is time-barred. Again, this argument should have been raised earlier. However, if individualized inquiry does become an issue, it may be resolved by defining a class period. Moreover, as the Court noted in its March 5, 2020 Order, it "is entitled to 'revisit the issue and de-certify the class'" if it becomes necessary. (Doc. 121, at 22) (quoting In re Delta/Airtran Baggage Fee Antitrust Litig., 317 F.R.D. 675, 681 (N.D. Ga. 2016)).

### III. CONCLUSION

Reconsideration is an extraordinary remedy, and Defendants have not shown justice requires the decertification of the class. For the foregoing reasons, Defendants' motion for reconsideration (Doc. 122) is **DENIED**. Defendants have **FOURTEEN (14) DAYS** to file a response to Plaintiffs' motion for approval of class notice and questionnaire. (Doc. 124.)

**ORDER ENTERED** at Augusta, Georgia, this 12th day of November, 2020.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA