IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

```
SARAH USRY and DANIEL DARNELL,     *
on behalf of themselves and        *
all others similarly situated,     *
                                   *
         Plaintiffs,               *
                                   *
                                   *      CV 116-010
     v.                            *
                                   *
EQUITYEXPERTS.ORG, LLC d/b/a       *
EQUITY EXPERTS; MICHAEL NOVAK;     *
JACQUELINE GALOFARO; and MARK      *
BREDOW,                            *
                                   *
         Defendants.                *
                                   *
                                   *
```

**O R D E R**

Presently before the Court is Plaintiffs' motion for approval of class notice and questionnaire (Doc. 124) and Defendants' motion to stay (Doc. 154). For the following reasons, Defendants' motion is **DENIED WITHOUT PREJUDICE**, and the Court **ADOPTS** Plaintiffs' class notice and **GRANTS** Plaintiffs' request to include questionnaire.

**I. BACKGROUND**

On March 5, 2020, this Court granted Plaintiffs' motion for class certification. (Doc. 121.) Subsequently, Defendants filed a motion for reconsideration (Doc. 122), which this Court denied (Doc. 152). On November 25, 2020, Defendants filed the present

motion to stay pending the Eleventh Circuit's ruling on Defendants' timely petition for permission to appeal under Federal Rule of Civil Procedure 23(f).  (See Docs. 154, 155.)

## II. DISCUSSION

### A. Motion to Stay

Federal Rule of Civil Procedure 23(f) allows a party to seek an interlocutory appeal of a district court order granting or denying class-action certification.  See FED. R. CIV. P. 23(f). However, an appeal does not automatically stay the proceeding in the district court.  Id.  Rather, an appeal under Rule 23(f) stays the proceeding only if the district judge or court of appeals orders it.  Id.

Generally, interlocutory appeals are disfavored.  Prado-Steiman ex rel. Prado v. Bush, 221 F.3d 1266, 1276 (11th Cir. 2000) (reiterating that "interlocutory appeals are inherently disruptive, time-consuming, and expensive" and "[p]iecemeal appellate review has a deleterious effect on judicial administration" (internal citations and quotations omitted)).  For those reasons, the Eleventh Circuit "use[s] restraint in accepting Rule 23(f) petitions, and . . . interlocutory petitions will not be accepted as a matter of course."  Id. at 1277.  "Because this type of appeal is rarely granted by appellate courts, . . . a stay of district-court proceedings pending [an appellate court's]

2

ruling on permission to pursue an interlocutory appeal" is also disfavored. Bacon v. Stiefel Lab'ys, Inc., 837 F. Supp. 2d 1280, 1282 (S.D. Fla. 2011) (citations omitted).

Taking that into consideration, the Court will address the merits of Defendants' motion to stay. When resolving a motion to stay pending the appeal of a class certification decision, courts in this circuit generally apply a four-factor balancing test. See Calderone v. Scott, No. 2:14-cv-519, 2016 WL 2586658, at *2 n.2 (M.D. Fla. May 5, 2016) ("Although the Eleventh Circuit has not articulated the proper standard for resolving a motion to stay pending appeal of a Rule 23(f) certification decision, it has applied a similar four-factor test to determine whether a stay is appropriate in other contexts." (citing Garcia-Mir v. Meese, 781 F.2d 1450, 1453 (11th Cir. 1986))); Rosen v. J.M. Auto Inc., No. 07-61234-CIV, 2009 WL 7113827, at *1 (S.D. Fla. May 20, 2009) ("Many district courts have applied a test similar to the four-factor balancing test employed on motions for preliminary injunction." (citations omitted)). The burden is on the Defendants to show: "(1) a likelihood that they will prevail on the merits of the appeal; (2) irreparable injury unless the stay is granted; (3) no substantial harm to other interested persons; and (4) no harm to the public interest." De Leon-Granados v. Eller & Sons Trees, Inc., No. 1:05-cv-1473, 2006 WL 8432449, at *1 (N.D. Ga. Nov. 17, 2006) (citations omitted).

Defendants argue a stay is necessary because there are "overlapping factual issues" that would create a "tremendous waste of resources" if the Court lets this case proceed, and a stay would "have no effect on the general public." (Doc. 154, at 4-5.) While the Court agrees that a stay may conserve resources of both the parties and the Court *if* the Eleventh Circuit grants Defendants' petition, Defendants have alleged no irreparable harm that they will suffer absent a stay, nor have they alleged any harm to other persons or the public. See De Leon-Granados, 2006 WL 8432449, at *2 (finding Defendants argument regarding the conservation of resources unconvincing even where the Eleventh Circuit granted their petition); see also Reyes v. BCA Fin. Servs., Inc., No. 16-24077-CIV, 2018 WL 6444920, at *1 (S.D. Fla. Dec. 10, 2018) (finding the mere fact that proceeding will cause parties to incur additional costs and expenses is "hardly sufficient to establish irreparable harm"). Thus, the Court need not determine whether Defendants are likely to prevail on appeal. See Local 703, IB of T Grocery & Food Emps. Welfare Fund v. Regions Fin. Corp., No. 12-14168-CC, 2012 WL 13024409, at *1 (11th Cir. Sept. 4, 2012).

This Court finds Defendants have not shown a stay is warranted. Moreover, the Court finds Defendants' motion is premature. See A&M Gerber Chiropractic LLC v. GEICO General Ins. Co., No. 16-cv-62610, 2017 WL 4868985, at *2 (S.D. Fla. June 16, 2017) ("[It is] premature to grant a stay of the proceedings when

4

it is unknown if the circuit court will indeed afford Defendant[s] an opportunity for interlocutory review." (citations omitted)). Should the Eleventh Circuit grant Defendants' forthcoming petition, Defendants may renew their motion. Accordingly, Defendants' motion to stay is **DENIED WITHOUT PREJUDICE**.

### B. Motion for Approval of Class Notice & Questionnaire

After denying Defendants' motion for reconsideration, the Court permitted Defendants additional time to object to Plaintiffs' proposed class notice and questionnaire. (Doc. 124.) Defendants do not make any specific objections to the class notice.[1] Defendants only specific objection is "that the questionnaire fails to include any inquiry designed to determine whether the debt owed by the responding party is a 'consumer' debt." (Doc. 153, at 1.)

Federal Rule of Civil Procedure 23(c)(2)(B) requires the class notice to "clearly and concisely state in plain, easily understood language" the following:

> (i) the nature of the action;
> (ii) the definition of the class certified;
> (iii) the class claims, issues, or defenses;
> (iv) that a class member may enter an appearance through an attorney if the member so desires;

---

[1] Defendants object to the proposed class notice "for the reasons set forth in their response to Plaintiffs' motion for class certification and motion for reconsideration of the Court's decision granting Plaintiff's motion for class certification." (Doc. 153, at 1.) Because Defendants' sole purpose for offering this general objection is to preserve the issue on appeal and the Court has already addressed Defendants' arguments in its prior Orders, the Court will not address any such objections here.

>(v) that the court will exclude from the class any member who requests exclusion;
>(vi) the time and manner for requesting exclusion; and
>(vii) the binding effect of a class judgment on members under Rule 23(c)(3).

FED. R. CIV. P. 23(c)(2)(B). The Court has reviewed the notice and finds that it meets all the requirements set forth in Rule 23(c)(2)(B).

Now, the Court turns to the attached questionnaire. Generally, "absent" class-action plaintiffs, unlike class representatives, are not active participants in the class action. Cooper v. Pacific Life Ins. Co., No. CV203-131, 2005 WL 1866166, at *2 (S.D. Ga. Aug. 5, 2005). "Consequently, class action defendants are not permitted to seek discovery from absent class members as a matter of course." Id. However, courts do allow discovery to an extent. This District has recognized "two closely-related tests . . . to judge the propriety of discovery requests." Id. In Cooper the court explained:

>In one formulation, courts require that the discovery (1) is not directed toward winnowing the size of the class, (2) is necessary, (3) would not require the assistance of a lawyer or other expert to answer, and (4) seeks information not known to movant. Clark v. Universal Builders, 501 F.2d 324, 340-41 & n. 24 (7th Cir. 1974). Other courts have required that the discovery (1) be sought in good faith and not be overly burdensome, (2) be relevant to common questions, and (3) be unavailable from the representative parties. Dellums v. Powell, 566 F.2d 167, 187 (D.C. Cir. 1977); see generally Alba Conte & Herbert B. Newberg, Newberg on Class Actions §§ 16.1-16.3 (4th ed. 2002).

Id. Unlike the defendants in Cooper, however, Plaintiffs have moved for approval of the questionnaire. Regardless, "[t]he party moving to include the questionnaire has the burden of proving necessity." Schwartz v. Celestial Seasonings, Inc., 185 F.R.D. 313, 316 (D. Colo. 1999).

Here, the Court finds no reason not to approve the questionnaire. It consists of eight, short and straight-forward questions. The questions, which ask for contact and general background information, are relevant to the suit and not overly burdensome. Moreover, because Defendants are not the ones seeking discovery of the absent class members, the usual concerns over class questionnaires are not pertinent. For example, the Court can assume the questionnaire is not "directed toward winnowing the size of the class" since Plaintiffs created it. See Cooper, 2005 WL 1866166, at *2.

Defendants did not object to any specific question included on the questionnaire, nor have they suggested additional questions they want to include. Instead, Defendants merely state "that the questionnaire fails to include any inquiry designed to determine whether the debt owed by the responding party is a 'consumer' debt." (Doc. 153, at 1.) Without more, the Court has no reason to deny the inclusion of Plaintiffs' questionnaire. However, since Plaintiffs do not object to the addition of a question to confirm that Defendants' collection efforts were for "consumer" debts, the

Court will allow Defendants to submit a question to Plaintiffs that shall be included in the questionnaire. (See Doc. 156.) Defendants have **seven (7) days** to provide Plaintiffs with such question. At that time, Plaintiffs may proceed with the class notice and questionnaire.

### III. CONCLUSION

For the foregoing reasons, Defendants' motion to stay (Doc. 154) is **DENIED WITHOUT PREJUDICE**. The Court has reviewed the class notice and questionnaire and finds it to be adequate. The Court **ADOPTS** Plaintiffs' class notice and **GRANTS** Plaintiffs' request to include questionnaire. (Doc. 124.) The Clerk of Court is authorized to affix its approval on the last page of the notice.

**ORDER ENTERED** at Augusta, Georgia, this 21st day of December, 2020.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA